PATTON, admr. of Weston, *vs.* FOOTE.

DEMURRER to declaration. The declaration was in covenant, for that the defendant, by an instrument in writing under seal, covenanted to indemnify and save harmless the intestate from all claim, demand, suit, costs, charges or damages, from or on account of a certain bond for the payment of money executed by the intestate; and assigning for breach, that the defendant not having saved harmless and indemnified the intestate from claims, demands, suits, costs, charges or damages how and in what manner he was compelled to pay, is bad on special demurrer. So the assigning of two breaches of the same covenant or stipulation in the same count, is bad.

In an action of covenant, where the covenant is to indemnify and save harmless a party from the payment of a bond, a breach that he was forced and compelled to pay the bond, without stat-

UTICA,
Aug. 1828.

Patton
v.
Foote.

ges, for or on account of the said bond, he, the said intestate, in his lifetime, was forced and compelled to pay, and did pay the sum of $2409,63, in satisfaction and discharge of the principal and interest of the bond. And further, that the intestate was damnified in the further sum of $1000, for costs, expenses, losses, services, charges and damages necessarily incurred on account of the bond. The defendant demurred, and assigned for causes, 1. That the plaintiff does not allege how and by what means the intestate was forced and compelled to pay the said sum in satisfaction of the bond, whether by due process of law or by other means, lawful or unlawful ; 2. That he does not allege whether the necessity mentioned in the second breach was from force or violence, or due process of law, or from fraud or negligence, or whatever cause ; 3. That the declaration is double and multifarious, in assigning two distinct breaches of the same covenant.

R. Sedgwick, for defendant. The declaration is bad on general demurrer. The defendant had assumed to pay the debt, and had become the debtor, and the intestate had no right to pay the bond, unless he was compelled by process of law. And when compelled, he was bound to shew how compelled. A general allegation that he was compelled to pay is not sufficient ; if it was, the very fact of his *liability* might be given in evidence, in support of the allegation. In all cases of bonds of indemnity, the party may shew how he was compelled to pay. (*Comyn's Dig. Pleader, C.* 48.) If the declaration is not bad on a general demurrer, it clearly is so on special demurrer. (7 *Cowen,* 442.)

Staples, for plaintiff. Generally, if a party alleges, by a traversable allegation, a breach of covenant, it is sufficient. Having alleged that he was *compelled* to pay, on issue joined, a *voluntary* payment would not have supported the issue. A man who pays in discharge of an obligation, can never be considered, even in a case like this, a *volunteer*. The only case in which it is necessary to shew how an act was done, is where a legal act is to be done ; then the fact must be plead with such certainty, as that the court may judge whether the intent of the covenant has been fulfilled. This rule,

however, applies only where *performance* of a covenant is plead ; for in no case is a party obliged to shew how a covenant hath been broken, in any other manner than by alleging the fact which shews the breach and the ground of damage. (*7 Johns. R.* 358. 1 *Chitty*, 518, 326.)

*By the Court*, SUTHERLAND, J. This is a special demurrer to the plaintiff's declaration, and it appears to me to be well taken.

The defendant covenanted to save the intestate harmless against a certain bond, and to indemnify him against all costs, charges, &c. arising therefrom. The breach assigned is, that the defendant, not having indemnified and saved harmless the said intestate from all claims, &c. on account of said bond, the said intestate was forced and compelled to pay, and did pay to the holder thereof a large sum of money, to wit, the sum of $2409 63, in full satisfaction and discharge thereof. He should have stated how and in what manner he was compelled to pay. In *Packard* v. *Hill*, (7 *Cowen*, 442,) it was held that this general mode of declaring was good on *general demurrer ;* but it is there said, that it would undoubtedly be bad on special demurrer. It was also said in that case, that an allegation that the plaintiff was compelled to pay by a court of competent jurisdiction, without stating what court, would be bad on general demurrer. If a party plead a judgment, he must say in what court it was obtained. (2 *Salk.* 517.) In an action against a sheriff for an escape, a plea that the prisoner was discharged out of custody, by due course of law, is bad on special demurrer. (*Currie & Whitney* v. *Henry*, 2 *Johns. R.* 433.) So upon a covenant for quiet enjoyment, without lawful disturbance, a breach merely stating that the plaintiff was disturbed, is insufficient ; it should be, that he was *legitimo modo* disturbed, or otherwise the plaintiff should shew by whom he was disturbed and how. (1 *Chitty*, 328. 2 *Saund.* 181, *b.* Com. *Dig. Plead. C.* 47, 49.)

The declaration seems to assign two breaches of the same specific covenant or stipulation in the same count. This is bad. (*Com. Dig. Plead. C.* 33. 1 *Chitty*, 331.)

UTICA,
Aug. 1828.

The defendant, therefore, is entitled to judgment upon the demurrer, with leave to the plaintiff to amend on payment of costs.

Judgment for the defendant.